Receipt # 066116

FILED
FEB 2 2007
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **GRUNLEY-WALSH, LLC** | | |
| **(f/k/a Grunley-Walsh Construction JV)** | * | |
| **Plaintiff,** | * | 07-85 C |
| **v.** | * | **Case No. :** ___________ |
| | | **Judge:** |
| **THE UNITED STATES OF AMERICA** | * | **(Adjustment of Site Utilities Claim)** |
| **Defendant.** | * | |

* * * * * * * * * * * * *

**COMPLAINT**

Plaintiff, Grunley-Walsh, LLC, formerly known as Grunley-Walsh Construction JV, ("Grunley-Walsh"), by its counsel, Roger C. Jones, Esq., of Huddles Jones Sorteberg & Dachille, P.C., sues the United States of America ("United States"), and for its Complaint in the above matter, respectfully states as follows:

**Jurisdiction**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1491. Plaintiff brings this action pursuant to the Contract Disputes Act of 1978, as amended, 41 U.S.C. § 601 *et seq*. In addition, this action is related to Case Nos.1:06-cv-00721-CFL, 1:06-cv-00723-CFL, 1:04-cv-00815-CFL, 1:06-cv-00816-CFL and 1:06-cv-00837-CFL, as it arises out of the same contract and, therefore, should be consolidated with the aforesaid cases.

**The Parties**

2. Plaintiff, Grunley-Walsh, is a general contractor in the construction industry organized and existing under the laws of the State of Maryland, with its principal place of business located at 5010 Nicholson Lane, Suite 200, Rockville, Maryland 20852.

3. Defendant is the United States of America.

## The Contract

4. On May 6, 1998, the United States, acting by and through the Department of the Interior – National Park Service, awarded Grunley-Walsh an Indefinite Quantity Contract (Contract No. 1443CX305998901) (the "Contract") to stabilize and preserve the Washington Monument (the "Project"). The Contract is incorporated by reference herein, but is not attached due to its voluminous nature. Defendant has a copy of the Contract in its possession.

5. Pursuant to Contract Modification No. 0007 ("Contract MOD 7"), dated November 15, 2001, the General Provisions to the Contract were deleted and replaced with revised contract clauses which included certain FAR provisions incorporated by reference. A copy of MOD 7 is attached hereto as **EXHIBIT A**. Three of these provisions were the Changes clause (FAR 52.243-04 August 1987), the Differing Site Conditions clause (FAR 52.236-02 April 1986), and the Disputes clause (FAR 52.233-01 December 1998).

6. In accordance with the Contract, on December 5, 2003, Grunley-Walsh was issued Task Order No. T3059989135 ("Task Order No. 35") in the lump sum amount of $13,993,216. Pursuant to Task Order No. 35, Grunley-Walsh was to construct and install an above ground security barrier system at the Washington Monument. More specifically, Grunley-Walsh was to accomplish the work contained in the Project Requirements (Task Order No. 35, Attachment 1) and specifications and drawings prepared under previous Task Order by the Olin Partnership. A copy of Task Order No. 35, including its Attachment 1 Project Requirements is attached hereto as **EXHIBIT B**.

7. The drawings and specifications prepared by the Olin Partnership are dated November 25, 2003 and purport to be the 90% Construction Drawings.

**The Certified Claim for Adjustment of Site Utilities**

8. This action relates to an October 18, 2006 certified claim, in the amount of $134,179 submitted by Grunley-Walsh to the Contracting Officer (the "Certified Claim") pursuant to the Changes clause, the Differing Site Conditions clause and the Disputes clause in the Contract. A copy of the Certified Claim is attached as **EXHIBIT C**.

9. By letter dated December 15, 2006 (attached as **EXHIBIT D**), the Contracting Officer advised that a Final Decision would not be issued on the Certified Claim until January 31, 2007.

10. By letter dated January 31, 2007 (attached as **EXHIBIT E**), the Contracting Officer issued a Final Decision denying Grunley-Walsh's claim. Grunley-Walsh disputes the findings, determinations and conclusions set forth in the Final Decision.

11. As permitted by the Contract Disputes Act, this action, appealing the Contracting Officer's Final Decision, has been timely commenced within one year of Grunley-Walsh's receipt of the Final Decision.

**Factual Background for the Certified Claim**

12. To prepare the November 25, 2003 construction drawings and to identify the work required in Task Order No. 35, the Olin Partnership was issued existing background drawings by the National Park Service.

13. The background drawings provided by the Park Service provided very little information concerning the existing subsurface utilities at the Project. Although the background drawings depicted the general location of some of the existing utilities (which was often incorrect), the background drawings provided no information about the buried depth (i.e. elevation) of the existing utilities. As it turned out, many of the existing utilities had to be

adjusted, relocated, worked around and/or regraded to accommodate the contract work being performed.

14. During the course of the Project, the NPS repeatedly recognized the adjustment of existing site utilities to be a change to Grunley-Walsh's Task Order No. 35 work. For example, the following items of work were settled in Modification Nos. 6, 7 and 8:

| | | |
|---|---|---|
| RCO 951.03 | Relocate 2" Water Line at North Side | Mod. 6, Item D |
| RCO 950.19.01 | Adjustment of Existing Utilities 3/11/04 – 2/8/05 | Mod. 7, Item K |
| RCO 950.19.02 | Adjustment of Existing Utilities 3/15/04 | Mod. 7, Item K |
| RCO 950.19.03 | Adjustment of Existing Utilities 3/11/04 – 2/8/05 | Mod. 7, Item K |
| RCO 950.60.01 | Relocate 3" Water Main 8/10/04 – 3/11/05 | Mod. 7, Item K |
| RCO 950.60.02 | Relocate 3" Water Main 3/14/05 | Mod. 7, Item K |
| RCO 950.71 | Repair 6" Water Line at Sylvan Theatre | Mod. 7, Item K |
| RCO 950.18 | Lower 6" Water Line at Southwest Corner | Mod. 8, Item A.11 |
| RCO 951.22 | Repair 6" Water Line East of Sylvan Theatre | Mod. 8, Item A.11 |
| RCO 951.52 | Adjust Grade Over Existing 6" Water Line | Mod. 8, Item A.11 |

15. Given this prior course of dealing concerning this type of change work, and because the Contract contained a standard Government Changes clause, Grunley-Walsh reasonably relied upon this course of dealing in believing they would be provided an equitable adjustment for other adjustments of site utilities, when and if they were encountered. To date, however, the NPS has refused to resolve the following site utility adjustment issues:

| | |
|---|---|
| RCO 950.09 | Incorporate 2 Way 2" Fiber Optic Ductbank Not Originally Shown |
| RCO 950.86 | Relocate Existing 6" Water Line at Sylvan Theatre |
| RCO 951.51 | Grade/Fill Southeast of Monument Over Existing Water Line |
| RCO 951.60 | Lower Existing Water Line Northeast of Monument |
| RCO 951.63 | Adjust 2" Fire Line at South Side of Monument |
| RCO 951.64 | Resolve Conflict Between Existing Phone Line and MH D-3 |
| RCO 951.65 | Adjust / Repair Water Line South Along Fence |
| RCO 950.19.04 | Adjustment of Existing Utilities 4/14/04 – 6/29/05 |

16. The largest of these unresolved site utility adjustment issues involved the work to relocate the existing 6" water line at the Sylvan Theatre (RCO 950.86), which conflicted with the new proposed grading and a storm drain line. More than 240' of water line had to be relocated

due to this conflict. The location of the existing 6" waterline is depicted in the contract drawing excerpt below:




17. Similarly, in the North/East section of the project more than 200 feet of another 6" water line had to be relocated/lowered so as not to conflict with the new proposed grade. This work was captured in Cherry Hill's RCO 951.60. Again, the location of this existing waterline is depicted in the contract drawing excerpt below:




18. The other RCOs which are the subject of Plaintiff's claim involve numerous instances of site utilities requiring adjustment in various locations. RCO 950.19.04 included raising and/or adjusting numerous manholes and valves; RCO 951.51 involved adding more grade to cover an existing water line; RCO 950.09 involved relocating an existing fiber optic cable not shown on the background drawings and the November 2003 bid drawings (but subsequently shown on the January 22, 2004 drawing set); RCO 951.64 involved working around a PEPCO power line at Manhole D-3; RCO 951.63 involved adjusting a 2" fire hose water line; and RCO 951.65 involved adjusting/repairing a 6" water line at the South side of the project next to the fence at the Sylvan Theatre. The primary reason for most of these adjustments was due to the utilities' existing elevation (not depicted on the drawings) and the new proposed grade.

19. Had the background drawings provided by the NPS contained elevation information, then the cost of adjusting the site utilities in question would have been included in the base contract amount. However, during the design process, Grunley-Walsh was not asked to

do an analysis of the existing utilities to determine whether their buried depth would conflict with the proposed new grades. In many instances, they did not. In those instances where conflict occurred, however, the NPS agreed that a differing site condition existed and modified Grunley-Walsh's Contract accordingly.

20. Pursuant to the Contract's Dispute clause and the Contract Disputes Act, on October 18, 2006, Grunley-Walsh submitted its Certified Claim for the unpaid change work related to the adjustment of site utilities; requesting a Contracting Officer's Final Decision on the matter.

21. All conditions precedent for the filing of this action have been satisfied, waived and/or excused.

**COUNT I**

22. The allegations contained in paragraphs 1 through 21 above are incorporated by reference as through fully set forth herein.

23. In accordance with the Contract Differing Site Conditions clause, the Government is required to provide an equitable adjustment for the additional costs stemming from differing conditions encountered on the Project. The Government has failed to comply with this Contract clause.

24. In accordance with the Contract Changes clause, the Government is required to provide an equitable adjustment for additional costs caused by any change to the performance of any part of the work. The Government has failed to comply with this Contract clause.

25. As a result of the foregoing and pursuant to the Contract, Grunley Walsh is entitled to an equitable adjustment in the amount of $134,179 for the additional costs to perform change work related to the adjustment of site utilities on the Project.

26. As such, the Government is liable to Grunley-Walsh for $134,179, plus interest thereon as allowed by the Contract Disputes Act.

**WHEREFORE**, Plaintiff, Grunley-Walsh, LLC, demands judgment against Defendant, The United States of America, for award of damages in the amount of $134,179, plus such other and further relief as this Court deems just and proper, including interest as required by the Contract Disputes Act.

Respectfully submitted,

Roger C. Jones

**HUDDLES, JONES**
**SORTEBERG & DACHILLE, P.C.**
10211 Wincopin Circle, Suite 200
Columbia, Maryland 21044
(301) 621-4120
(301) 621-4473 (fax)
jones@hjpc.com

Counsel for Plaintiff,
Grunley-Walsh, LLC

DATED: 2/2/2007